

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# USA v. Medina

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4930

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Medina" (2006). *2006 Decisions.* Paper 197.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/197

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

————————

NO. 05-4930

————————

UNITED STATES OF AMERICA

v.

FRANCISCO MEDINA
a/k/a PEDRO MALDONADO

FRANCISCO MEDINA,
Appellant

————————

On Appeal From the United States
District Court
For the District of New Jersey
(D.C. Crim. Action No. 01-cr-00106-1)
District Judge: Hon. Freda L. Wolfson

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2006

BEFORE: SCIRICA, Chief Judge, McKEE and STAPLETON,
Circuit Judges

(Opinion Filed November 16, 2006 )

————————

STAPLETON, Circuit Judge:

Appellant Francisco Medina pled guilty to conspiring to distribute 178.8 grams of crack. He was ultimately sentenced to 135 months of incarceration and five years of supervised release.

Prior to sentencing, Medina moved for a two-point downward adjustment under U.S.S.G. § 3B1.2(b) based on what he claimed to be his minor role in the offense. He insisted that he had played a relatively minor role in a drug business operated by his co-defendant, Domingo Valentin. After an evidentiary hearing, this motion was denied. Where, as here, the District Court demonstrates in making its factual determinations that it understood the applicable law, we review such a denial for clear error. *United States v. Perez*, 280 F.3d 318, 351 (3d Cir. 2002). Findings of fact may thus be overturned only if they are "completely devoid of a credible basis or bear . . . no rational relationship to the supporting data." *United States v. Haut*, 107 F.3d 213, 218 (3d Cir. 1997).

As the District Court accurately observed, the factors to be considered in determining whether a defendant's role was minor are: "the nature of the defendant's relationship to other participants," "the defendant's awareness of the nature and scope of

the criminal enterprise," and "the importance of the defendant's actions to the success of the venture." *United States v. Rodriguez*, 342 F.3d 296, 299 (3d Cir. 2003).

The District Court found that Medina's role was to recruit customers for Valentin and to act as a translator for him when the customers spoke only English. It stressed that Medina's participation was "not an isolated event," but rather involved "repeated" sales. App. at 114. The Court had "no doubt" [that Medina] was integral to the success of this venture." App. at 115.

The District Court also concluded with record support that Medina was aware of the nature and scope of the criminal enterprise:

> He wasn't just handed something on one day and said, Go out and do this. He was aware where the drugs were picked up, the 710 York [Street apartment], how it was accomplished. He was involved in using his pager to make contact; indeed, [he] invited officer King to use that pager as to when he wanted sales.
>
> So he was the one who facilitated how it would be done, and how payment was to be made; and, if it was turned over to Valentin – I'll accept the testimony of Mr. Medina that he turned the money over to Valentin, and then got a portion of it – how it went from beginning to end.

App. at 114-15. The Court further observed that Medina had previously sold drugs and "was not a stranger to what selling drugs means and what the consequences are." App. at 113.

While Medina testified that he did not participate in importing cocaine into the country and did not produce or package the crack cocaine, the conspiracy of which he was convicted was a conspiracy to distribute, and the District Court correctly focused on

3

Medina's knowledge of that conspiracy. It noted: "And even if he wasn't the one who packaged the drugs, that's not what the issue is, it's distribution." App. at 116.

It is true, as Medina stresses, that the record would support a finding that Valentin was the organizer and leader of this conspiracy and that Medina was somewhat less culpable. As we observed in *United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001), however, "the mere fact that a defendant was less culpable than his co-defendants does not entitle the defendant to 'minor participant' status." If that "were the case, then the least culpable member of any conspiracy would be a minor participant regardless of that member's participation." *Id.* While a sentencing court should evaluate the defendant's participation and culpability in part by comparing it with the participation and culpability of others, a defendant is not entitled to an adjustment unless his or her role can fairly be described as "minor." Here, the District Court concluded that based on Medina's close relationship with Valentin and the importance of his activities to the success of the conspiracy, Medina's role was clearly not minor. This conclusion was not an abuse of discretion.

Medina was sentenced before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the parties agree that a remand for resentencing is required under our decision in *United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005). On remand, when initially calculating the applicable sentencing guideline range at the first step in the post-*Booker* sentencing process, the District Court may, if it remains of

4

the same view, decline to apply a downward adjustment under U.S.S.G. § 3B1.2.

The judgment of the District Court will be reversed, and this case will be remanded for resentencing in a manner consistent with this opinion.